FILED by **GME** D.C.

SEP 0 8 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
"IN ADMIRALTY"

McClary Investments, Inc., a Florida
corporation d.b.a., Sea Tow Key Biscayne

    Plaintiff;

v.

Barge OSG 209, her engines, tackle,
appurtenances, spares, and equipment
appertaining whether onboard or not *in rem*,
and OSG 209 LLC, a Delaware corporation,
*in personam,* and Doe Corporation 1,
*in personam,*

    Defendants.
_____/

Case Number: **09-61410**

CIV - ALTONAGA

MAGISTRATE JUDGE
BROWN

### VERIFIED COMPLAINT

The Plaintiff, McClary Investments, Inc., a Florida corporation d.b.a., Sea Tow Key Biscayne, Inc. (hereinafter "Plaintiff"), by and through undersigned counsel hereby sues the Defendant Vessel OSG 209, her engines, tackle, appurtenances, spares, and equipment appertaining whether onboard or not (the "Vessel") *in rem*, her owner, OSG 209 LLC ("OSG"), *in personam*, and the unknown owner of the cargo transported by the Vessel, Doe Corporation 1, *in personam,* and alleges:

### PARTIES, JURISDICTION, AND VENUE

1. This is an action within the admiralty and maritime jurisdiction of 28 U.S.C. § 1333 and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This is a claim to enforce a preferred maritime lien for salvage under 46 U.S.C. § 313, *et seq.* against the Vessel.

3. At all material times, the Vessel, was and is a U.S. flagged cargo barge vessel, wholly owned by a U.S. corporation, which is now and will be during the pendency of these

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

proceedings, in Broward County, Florida and/or within the jurisdiction of this Honorable Court.

4. Plaintiff invokes the maritime procedures specified in Federal Rule of Civil Procedure 9(h) and the Supplemental Rules for Certain Admiralty and Maritime Claims, particularly Rule C thereof.

## BACKGROUND FACTS

5. Plaintiff re-alleges and incorporates all allegations contained in Paragraphs 1-4 of the Complaint, as if fully set forth herein.

6. On November 2, 2009, the Captain of the tug "Enterprise" (hereinafter "Tug") transmitted a call on the International Distress and Calling VHF Channel 16 reporting he lost his tow, the Vessel, a 579 foot barge containing oil bunkers while in this District en route from Port Everglades to Louisiana and, further, that the tug was taking on water.

7. On November 2, 2009 at 20:38, Plaintiff's Unit 727 ("ST727"), with Captain Scott McClary and deck hand Gillian Sparkes, departed Dinner Key Marina for the tug's position via Bear Cut.

8. During the transit out to the scene, the Coast Guard requested the name of the Vessel and updated coordinates. The Captain of the tug reported the current coordinates to be N25°41 and W080°05. He stated that the name of the Vessel was "OSG 209".

9. The Vessel was in marine peril as it was un-powered and un-manned while adrift in unfavorable sea conditions.

10. The sea conditions at this time were over 6 feet, with an 8 to 10 foot swell.

11. Due to the sea conditions, Plaintiff's ST727 was unable to successfully transit through the the ocean side of the Bear Cut Bridge and had to turn around to transit out Biscayne Channel to the Tug and the Vessel.

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

12. On or about 21:35, Miami-Dade County's Fire Boat 1 (hereinafter "MDF1") reported on scene at the tug. The Tug's Captain requested a helicopter to attempt to transfer a crew member from the tug to the barge for the purpose of anchoring the Vessel before she drifted into the coral reef near Key Biscayne. MDF1 reported that they would attempt to transfer the crew member onto the Vessel. The helicopter could not respond due to the weather.

13. MDF1 reported that they could not, without a rigid inflatable boat, get close enough to the Vessel to transfer a crew member aboard. The Vessel was in danger of grounding on Key Biscayne and incurring damage to the Vessel and environmental destruction to the surrounding marine environment. Due to the high winds and heavy sea state as being produced by a hurricane forming at that time west of the Bahamas, the response vessel capable of in excess of 60 knots was limited to 8 knots due to the weather conditions.

14. Captain Scott McClary hailed the Captain of MDF1 and informed him that ST727 was a rigid inflatable boat on its way at 8 knots. MDF1 requested the immediate assistance of ST727 because it was the only vessel which could transfer a crewmember to the Vessel to safely anchor the oil-laden barge currently adrift at sea in the Key Biscayne National Park/Bill Baggs Cape Florida State Park (threatening mangroves, the coral reef, beach, and inner harbor) and in close proximity to fragile underwater reef structures and treacherous rocks.

15. On or about 21:50 ST727 arrived on scene with MDF1 in order to pick up the crew member from the tug and transfer him to the Vessel.

16. Salvage services were provided by Plaintiff to the Vessel in U.S. waters, including as follows:

    a. On or about 21:57, the crew member was successfully transferred from MDF1 to ST727.

    b. Captain Scott McClary then engaged several maneuvers to position ST727 at the stern of the Vessel, where a pigeon-hole ladder for the crew member to board was located, in the "notch" of the articulated hull.

    c. On or about 22:07, after several attempts to safely maneuver into the stern where the ladder was located, the crew member was successfully transferred from ST727 to the Vessel.

17. On or about 22:23, the crew member reported that the Vessel was successfully anchored. MDF1 reported to the Coast Guard that the current position of the Vessel was N25°40.525 and W 080°05.335. MDF1 and Captain Scott McClary began to depart the scene. After delivering the crew member to the Vessel, attempting to leave the notch, a large wave almost broached the ST727 threatening to crush the ST727 and all personnel onboard.

18. On or about 22:31, the Tug Captain reported that the Tug was still taking on water and requested assistance. MDF1 and ST727 immediately returned to the position of the Tug. MDF1 requested the de-watering services of ST727. Captain Scott McClary complied by offering a 2-inch gas-driven de-watering pump and two 8000 GPH Rule electric de-watering pumps.

19. On or about 23:01, the tug reported she was no longer taking on water. MDF1 and ST727 departed the scene and at 23:40, ST727 arrived back at Dinner Key Marina.

20. The *in rem* defendant, the Vessel, carried, upon information and belief, two hundred and six thousand (206,000) barrels of oil/gas onboard during the marine peril which was saved because of Plaintiff's actions.

21. The depth of the ocean waters, prevailing weather, wind, current, seas, and other conditions presented substantial risk to the Defendants, as well as to the Vessel, equipment, and crew. Absent prompt, proficient response, there was a substantial likelihood that Defendant would have been lost or likely sustained damage/losses.

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

22. Had the Vessel not been salved by Plaintiff, the risk of destruction to the Vessel and environmental disaster due to the oil transported on the Vessel was high.

23. By reason of the successful salvage of Defendant, Plaintiff is entitled to a salvage award under the Blackwall factors in an amount of at least 5% of the value of the cargo and barge.

24. The barge and its cargo, upon information and belief, is $40,225,200.00.

25. Five percent (5%) of the value of the Vessel and its cargo is $2,011,260.00.

26. Plaintiff is also entitled to its attorney's fees, costs, and pre-judgment interest, all of which is to be determined by this Court according to General Maritime Law.

### COUNT I

### CLAIM IN REM FOR SALVAGE LIEN AGAINST THE BARGE

27. Plaintiff re-alleges the allegations contained in the previous paragraphs, as if fully set forth herein.

28. Plaintiff brings this Count *in rem* against the Vessel pursuant to 46 U.S.C. § 313, *et seq.*, and in accordance with Supplemental Admiralty Rule C.

29. Plaintiff provided salvage services to the Defendant Vessel within the United States.

30. The salvage services rendered by Plaintiff resulted in (a) the successful stabilization and removal of the Vessel from its position of grave maritime peril and (b) saving its cargo of oil.

31. The salvage services rendered by Plaintiff yielded a useful result to the Vessel because it saved the cargo and the Vessel from peril.

32. Plaintiff voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

33. By virtue of having voluntarily and successfully delivered the Vessel from a condition of extreme maritime peril, Plaintiff is entitled to a salvage award.

34. The salvage services rendered by Plaintiff were of a high order due to the conditions, the Vessel which was adrift, and the oil held aboard the Vessel as its cargo.

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

35. These salvage services were vital to the protection and continued operation of the Defendant Vessel under 46 U.S.C. § 313, *et. seq.*

36. Plaintiff possesses a maritime lien against the Vessel for the salvage services it rendered.

WHEREFORE, Plaintiff, prays that, after due proceedings are had:

    a. Process, in due form and according to the rules and practices of this Court in a cause of admiralty and maritime jurisdiction, be issued against the Vessel, authorizing the *in rem* arrest and seizure of said vessel.

    b. All persons claiming any right, title, and interest in said vessel be summoned to appear and answer under oath, all in the singular, the matters aforesaid and that said vessel be condemned and sold to pay the demands as aforesaid, with costs, attorneys' fees, and interest;

    c. Judgment be entered in favor of Plaintiff and against the Vessel, *in rem*, which should include plus prejudgment interest, post judgment interest, attorneys' fees and costs, together with all such losses permitted by law;

    d. For any other relief which justice requires or may be deemed appropriate by this Court.

## COUNT II

### CLAIM IN PERSONAM FOR SALVAGE AWARD – OWNER OF BARGE

37. Plaintiff re-alleges the allegations contained in the previous paragraphs, as if fully set forth herein.

38. The salvage services rendered by Plaintiff resulted in the successful removal of the Vessel from its position of grave maritime peril.

39. The salvage services rendered by Plaintiff yielded a useful result to the Vessel.

40. Plaintiff voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

41. By virtue of having voluntarily and successfully delivered the Vessel from a condition of extreme maritime peril, Plaintiff is entitled to a liberal salvage award.

42. The salvage services rendered by Plaintiff were of a high order.

43. OSG, as owner of the Vessel, is liable, in personam, for the salvage services rendered by Plaintiff.

WHEREFORE, the Plaintiff prays this Court enter Judgment in favor of Plaintiff and against the Owner of the Vessel which should include plus prejudgment interest, post judgment interest, attorneys' fees and costs, together with all such losses permitted by law; for any other relief which justice requires or may be deemed appropriate by this Court.

## COUNT III

### CLAIM IN PERSONAM FOR SALVAGE AWARD – OWNER OF CARGO

44. Plaintiff re-alleges the allegations contained in paragraphs 1-25, 29-33, as if fully set forth herein.

45. The salvage services rendered by Plaintiff resulted in the successful removal of the Vessel from its position of grave maritime peril.

46. The salvage services rendered by Plaintiff yielded a useful result to the Vessel.

47. Plaintiff voluntarily rendered salvage services and had no pre-existing duty or obligation to do so.

48. By virtue of having voluntarily and successfully delivered the Vessel from a condition of extreme maritime peril, Plaintiff is entitled to a liberal salvage award.

49. The salvage services rendered by Plaintiff were of a high order.

50. Doe Corporation 1, as owner of the cargo, is liable, *in personam*, for the salvage services rendered by Plaintiff.

WHEREFORE, the Plaintiff prays this Court enter Judgment in favor of Plaintiff and against the Owner of the Cargo which should include plus prejudgment interest, post judgment interest,

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

attorneys' fees and costs, together with all such losses permitted by law; for any other relief which justice requires or may be deemed appropriate by this Court.

### COUNT III

### CLAIM FOR EQUITABLE UPLIFT – ALL DEFENDANTS

51. Plaintiff re-alleges the allegations contained in the previous paragraphs, as if fully set forth herein.

52. Plaintiff is a professional marine salvage company maintaining vessels and equipment capable of providing marine salvage services and, in fact, provides marine salvage services on a year-round basis. Further, Plaintiff invests significant monies and effort in training its personnel in marine salvage.

53. In light of its professional salvor status, and in accord with the general maritime law on point, Plaintiff requests an equitable uplift, if the Court finds equitable, of any award provided herein in an amount not less than ten percent (10%) of the ultimately awarded salvage award.

Dated: August 31, 2009                                  respectfully submitted,

                                            **MOORE & COMPANY, P.A.**
Counsel for Plaintiff
355 Alhambra Circle, Suite 1100
Coral Gables, Florida 33134
Telephone: (786) 221-0600
Facsimile: (786) 221-0601
Email: mmoore@moore-and-co.net

Michael T. Moore, Esquire
Florida Bar No. 207845
Scott A. Wagner, Esquire
Florida Bar No.
Johnlee S. Curtis, Esquire
Florida Bar No. 36944

8

## VERIFICATION OF COMPLAINT

STATE OF FLORIDA :
: SS.
COUNTY OF BROWARD :

Scott McClary, being duly sworn, deposes and says:

1. I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge and belief.

2. The sources of my information and the grounds of my belief as to all matters stated in the Verified Complaint are based upon my own personal knowledge and personal investigation of the facts set forth therein as well as the investigation of my attorneys of the facts set forth therein.

_____
Scott McClary, on behalf of McClary Investments, Inc., d.b.a., Sea Tow Key Biscayne

The foregoing was acknowledged before me this __4th__ day of __September__ 2009, by Scott McClary, and who is personally known to me or <u>who has produced</u> __Driver's license__ as identification, and who did take an oath.

_____

MONICA DELSOL-DIAZ
MY COMMISSION # DD894765
EXPIRES August 07, 2013
(407) 398-0153    FloridaNotaryService.com

NOTARY PUBLIC
State of Florida at Large

Printed Name: Monica DelSol-Diaz

My Commission Expires: 8/7/2013

9

Moore & Company, P.A., 355 Alhambra Circle, Suite 1100, Miami (Coral Gables), FL 33134

JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

FILED by GNE D.C.
SEP -8 2009
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S.D. of FLA - MIAMI

## I. (a) PLAINTIFFS
McClary Investments, Inc., a Florida corporation, d/b/a Sea Tow Key Biscayne

(b) County of Residence of First Listed Plaintiff: Florida Corporation
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Moore & Company, P.A.
355 Alhambra Circle, Suite #1100
Coral Gables, FL 33134   786.221.0600

**09-61410**

## DEFENDANTS
Barge OSG 209, her engines, tackle, appurtenances, et al., OSG 209, LLC and Doe Corporation 1

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

Attorneys (If Known)

CIV-ALTONAGA
MAGISTRATE JUDGE BROWN

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☑ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

09cv61410-Altonaga/Brown

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☑ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO
JUDGE                                                           DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
MARITIME SALVAGE ACTION

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE
SIGNATURE OF ATTORNEY OF RECORD
DATE: September 8, 2009

John Curtis, Esq., for Moore + Company, P.A.

FOR OFFICE USE ONLY
AMOUNT 350 -   RECEIPT # 100794   IFP